IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| COMMUNITY BANK OF PICKENS COUNTY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 117-087 |
| MABUS BROTHERS CONSTRUCTION CO., INC.; and UNITED STATES SURETY COMPANY, | * * * * | |
| Defendants. | * | |

**O R D E R**

On or about December 20, 2010, Defendant Mabus Brothers Construction Company ("MBCC") executed a promissory note (the "Note") in favor of Plaintiff. (Doc. 1-1, ¶ 4.) As security for the indebtedness evidenced by the Note, MBCC also executed a Deed to Secure Debt and Assignment of Rents regarding real property located in Georgia and a Mortgage and Security Agreement regarding real property located in South Carolina. (Id. ¶ 5.) MBCC also granted Plaintiff a lien over all of MBCC's equipment and vehicles, and Plaintiff perfected its security interest in the aforementioned personal property with the filing of UCC-1 financing statements in Georgia and South Carolina. (Id. ¶¶ 6-7.)

In 2013, MBCC defaulted on a construction bond issued by Defendant United States Surety Company ("USSC") and USSC initiated litigation against MBCC.[1] (Id. ¶¶ 10-11.) Shortly after its default on this construction bond, MBCC began liquidating and/or transferring its assets or the proceeds therefrom to USSC without Plaintiff's knowledge and/or authorization. (Id. ¶¶ 10, 12-16.)

MBCC eventually defaulted on the Note. (Id. ¶ 8.) On May 2, 2015, MBCC filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Action"). (Id. ¶ 17.) Plaintiff learned of the aforementioned liquidation/transfers of assets/proceeds through discovery obtained during the pendency of the Bankruptcy Action. (Id.)

On June 9, 2017, Plaintiff initiated the instant action alleging various state-law causes of action against Defendants in the Superior Court of Richmond County, Georgia, Case No. 2017RCCV00290.[2] (See Doc. 1-1.) On July 27, 2017, USSC removed the instant action to this Court. (Doc. 1.) On December 6, 2017, MBCC filed its instant motion to dismiss. (Doc. 25.)

---

[1] See United States Surety Co. v. Mabus Brothers Construction Co., Inc., et al., Case No. 1:13-cv-153 (S.D. Ga. dismissed Feb. 16, 2016).
[2] Namely: (i) Fraudulent Conveyance (O.C.G.A. § 18-2-74); (ii) Conversion; (iii) Tortious Interference with Contract; (iv) Unjust Enrichment; (v) Money Had and Received; (vi) Conspiracy; (vii) Attorney's Fees (O.C.G.A. § 13-6-11); and (viii) Punitive Damages. (See Doc. 1-1, ¶¶ 18-61.)

2

In its motion to dismiss, MBCC asserts that Plaintiff's claims are time-barred by statutes enacted in Georgia and South Carolina - O.C.G.A. § 14-2-1406 and S.C. Code Ann. § 33-14-106 (the "Statutes") - that bar claims against a dissolved corporation where the corporation has given proper notice to a known claimant and the claimant fails to timely pursue its claims against the corporation.[3] (See Doc. 25-1, at 2-4.) In support thereof, MBCC asserts that: (i) it is a South Carolina domestic corporation that was dissolved in 2013; (ii) Plaintiff received notice of MBCC's dissolution via a "Notice to File Proof of Claim" served on Plaintiff by the Bankruptcy Court in connection with the Bankruptcy Action in or around May 27, 2015; and (iii) Plaintiff "failed to [timely] deliver a claim against [MBCC] that encompassed those claims now asserted in this [a]ction." (Id. at 2, 4 (citing Doc. 25-2).) Yet, even assuming *arguendo* that the Notice to File Proof of Claim issued by the Bankruptcy Court satisfies the Statutes' requirements, many of the aforementioned facts upon which MBCC's instant defense rests are not apparent from the face of Plaintiff's complaint and are otherwise not the proper subject of judicial notice. Accordingly, dismissal is inappropriate at this stage. See La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) ("A statute of limitations bar is an affirmative

---

[3] Both Plaintiff and MBCC have assumed that the Statutes are equivalent to a statute of limitations. (See Doc. 25-1, at 2-4; Doc. 28, at 4-8.)

3

defense, and plaintiffs are not required to negate an affirmative defense in their] complaint. . . . [A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." (internal quotations, citations, and alterations omitted)).

Therefore, upon the foregoing and due consideration, **IT IS HEREBY ORDERED** that MBCC's motion to dismiss (Doc. 25) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of May, 2018.

                                                    _____
                                                    J. RANDAL HALL, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT
                                                    SOUTHERN DISTRICT OF GEORGIA